**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

S&E CAPITAL, LLC
17201 Collins Ave
#3102
Sunny Isles, Florida 33160

     Plaintiff

v.

VAPOR GROUP, INC.               Case No.:
20200 Dixie Highway
Suite 906
Miami, Florida 33180

Serve On Resident Agent:
Matheau Stout
400 E Pratt Street
8th Floor
Baltimore, MD 21202

     Defendant

---

COMPLAINT

Plaintiff, S&E Capital, LLC., ("S&E"), by and though Duncan S. Keir and Price & Keir files this Complaint against Vapor Group, Inc. ("VGI"), and alleges:

1.     This action is instituted pursuant to 15 U.S.C § 77c(a)10 (Section 3(a)(10) of the Securities Act of 1933, hereinafter "Section 3(a)(10)") for the issuance of securities in exchange for debt.

2.     This Court has jurisdiction over the parties hereto based on the Federal Statute.

3.     Venue is proper in the Northern District.

4.      Defendant, VGI is a publicly traded entity, registered to do business in Maryland, which has the ability to issue securities under Section 3(a)(10).

5.      S&E has, from time to time, extended credit to various business entities which are subsidiaries of VGI.  The debts that are the subject of this proceeding are evidenced by the following attached Exhibits:

) Exhibit A- November 15, 2012 Convertible Promissory Note in the amount of $44,000 issued by Total Vapor, Inc. pursuant to exemptions from registration under the Securities Act of 1933

) Exhibit B-January 13, 2015 Convertible Promissory Note in the amount of $94,000 issued by VGR Media, Inc. pursuant to exemptions from registration under the Securities Act of 1933

) Exhibit C- August 27, 2015 Convertible Promissory Note in the amount of $200,000 issued by VGR Media, Inc. pursuant to exemptions from registration under the Securities Act of 1933

6.      On December 31, 2017, Total Vapor, Inc., and VGR Media, Inc. assigned the debts under the above referenced instruments to VGI, their parent company.  The Assignment and Assumption of Debt Agreements for each of the debts listed in the previous exhibits are attached collectively as Exhibit D.

7.      VGI has affirmed its indebtedness to S&E with the execution of an Amended and Restated Convertible Promissory Note dated February 9, 2018 (attached as Exhibit E).  Among other things, Exhibit E states that the Agreement is governed by Maryland law and sets  the venue for any related actions as the Unites States District Court for the District of Maryland, Northern Division. Ex E., at 5.

8.      S&E has attempted on multiple occasions to convert some of the debt owed under the aforementioned Convertible Promissory Notes into free trading common stock of VGI under exemptions from registration under Rule 144 and Section 4(a)(1) of the Securities Act of 1933, but VGI and its Transfer Agent have been unable to assist S&E with the removal of restricted legends and/or the deposit of such common stock with S&E's brokerage, such that it is impossible for S&E to recoup its losses without relief under Section 3(a)(10).

9.      Effective February 9, 2018 the parties entered into a Forbearance Agreement (Exhibit F) whereby S&E would refrain from filing suit if VGI made a good faith payment of $5,000 and if VGI filed its updated public securities filings on OTCMarkets.com referencing the Amended and Restated Note.  Among other things, Exhibit F sets Maryland as the Venue for any action related thereto.

10.     VGI has failed to remit the good faith payment and failed to update its public securities filings, as agreed.

11.     As a direct and proximate result of the failure of VGI to pay the Debts which are the subject of this Complaint, S&E has been damaged.

12.     VGI's public securities filings detail its inability to repay S&E using cash, and S&E seeks a settlement pursuant to Section 3(a)(10) of the Securities Act of 1933 whereby VGI would issue shares of its publicly traded common stock as payment for the debts owed to S&E.

13.     The parties have agreed in principal to a settlement pursuant to Section 3(a)10.  A copy of the executed Settlement Agreement dated February 28, 2018 is attached hereto as Exhibit G.

14.     Section 3(a)(10) requires that a hearing be conducted as to the fairness of

the terms and conditions of the exchange of debt for securities.

WHEREFORE, Plaintiff requests this Honorable Court schedule a hearing to

determine the fairness of the proposed settlement and for such other and further relief as is

deemed appropriate.

Respectfully submitted,


_____/s/_____
Duncan S. Keir (Bar # 28353)
Price & Keir, LLC
1777 Reisterstown Rd
Suite 340
Baltimore, Maryland 21208
410.528.7205
410.670.4252 fax
duncan@pricekeir.com
*Attorney for Plaintiff*
